## COLLINS & AL. vs. McCRUMMEN & AL.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. This is an action for goods, wares and mer-

A witness who acknowledges he is responsible for costs, but has the means se-

chandize, sold by the plaintiffs to the defendants. The latter severed in their answers:

K. McCrummen pleaded the general issue—and that if the debt existed it was contracted by D. McCrummen, who discharged it by a note of Stewart & Scott, given to the plaintiffs through their agent—that the petition does not state the goods alleged to have been sold—that they were not purchased for the firm of K. & D. McCrummen.

D. McCrummen pleaded the general issue, and that if he ever was indebted to the plaintiffs, he has long since paid them.

The plaintiffs had judgment, and the defendants, K. McCrummen appealed.

Morgan deposed he presented the plaintiffs account to D. McCrummen before the dissolution of the partnership, and he always promised to pay it. The deponent thinks the partnership was dissolved about a year after: he does not recollect this exactly, but thinks he does not err much in the time. D. McCrummen acknowledged his obligations to the plaintiffs for their indulgence. About one month after, $13 40 cents were charged for interest, at 7 per cent. The demand was made on D. McCrummen. The deponent is sure this was several months before

West'n District,
*Sept.* 1824.

COLLINS & AL.
*vs.*
M'CRUMMEN
& AL.

cured to pay them, is not incompetent.

A note endorsed by one partner, does not render the endorsee responsible to the firm for latches. The goods sold need not be described in the petition when the defendant has assumed payment of the amount.

West'n District,
*Sept.* 1824.

Collins & al.
*vs.*
M'Crummen
& al.

the dissolution of the partnership. D. McCrummen promised to pay interest at 7 per cent. K. McCrummen never promised to pay any, nor was the case mentioned to him at any time, till lately. Stewart & Scott's note was to be received in payment, if punctually paid, and a receipt was given to that effect. Sexton & Morgan have funds of the plaintiffs to satisfy the costs. The deponent has no interest individually. A month before Stewart & Scott's note became due, they both saw it would not be paid, and it was unnecessary to put it in bank and put the parties to costs. K. McCrummen was never the active man of business, therefore no demand was made upon him.

Stewart deposed that Stewart & Scot gave a note to Sexton & Morgan, which has not been paid—it was to be paid to the plaintiffs. When it became due, D. McCrummen was indebted to Stewart & Scott.

The note was produced, as well as the act by which the partnership was dissolved.

Our attention is first called to a bill of exceptions to the opinion of the judge *a quo*, overruling an objection to the competency of Morgan, who is bound for the costs of the suit. He swears he has funds of the plaintiffs in his

hands to pay the costs. His liability to costs is not proven otherwise than by what falls from him in his examination, and in the same way it is shewn he has funds to meet the charge, which in our opinion justified the judge in admitting him.

West'n District,
*Sept.* 1824.
Collins & al.
*vs.*
M'Crummen
& al.

The evidence establishes the existence of the partnership, and that while it lasted, D. McCrummen admitted the money was due, on the account presented against the firm, promised to pay it *with interest,* after a certain delay. This destroys the effect of the plea of the general issue.

It is true, the plaintiffs received a note, which if punctually paid, was to be a payment. But it was not. It is, however, urged, the plaintiffs *made* themselves liable by their neglect, as endorsees. The record shews the note was payable to D. McCrummen, and he alone endorsed it. To him alone, and not to the partnership they are accountable for any neglect or latches in the collection of the note. The note is produced, and it is shewn, the endorser, D. McCrummen, is indebted to the maker.

An objection was taken to the sufficiency of the petition, viz: That the goods, alleged to have been sold, are not described. The gist of

West'n District, the action is the promise made on the produc-
*Sept.* 1824.
tion of an account, in which the plaintiffs were

COLLINS & AL. charged generally for sundry merchandize,
*vs.*
M'CRUMMEN $294—that it would be paid within a certain
& AL.
period, which the plaintiffs granted. Now, had
the plaintiffs stated a detached account, they
could not, perhaps, have easily produced proof
that the goods charged were those the pay-
ment of which was promised.

The payment of conventional interest, as
promised verbally, was rightly disallowed.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

*Baldwin* for the plaintiffs, *Bullard* & *Scott* for
the defendants.